FILED
United States Court of Appeals
Tenth Circuit

July 31, 2025

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

GREGORY D. CROSBY, a/k/a Gregory
D. Cosby,

      Petitioner - Appellant,

v.

A. CILLIO, Warden; FEDERAL
BUREAU OF PRISONS,

      Respondents - Appellees.

No. 25-1095
(D.C. No. 1:24-CV-01128-GPG)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **HARTZ**, **EID**, and **CARSON**, Circuit Judges.

_____

Gregory D. Crosby is a prisoner at the United States Penitentiary,

Administrative Maximum, in Florence, Colorado. On April 22, 2024, he filed a pro se

application for writ of habeas corpus under 28 U.S.C. § 2241. Such an application is

proper if the prisoner is seeking to reduce his time in custody. *See Palma-Salazar v.*

*Davis*, 677 F.3d 1031, 1037 n.2 (10th Cir. 2012). Because Crosby has proceeded pro

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

se throughout this litigation, both the district court and this court must liberally construe his pleadings. *See Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005). Doing its best to understand Crosby's incoherent claims, the district court interpreted them as seeking additional credits toward his sentence based on educational programs he has completed while incarcerated. The court discerned three possible claims. It rejected two of them under 28 U.S.C. § 2244(a) as successive because they had already been presented to and rejected by the district court in a prior case. As for the third claim, the court understood Crosby to be complaining that he had not been granted credit for some of his coursework. It rejected this claim because the record indicated that Crosby had already received the maximum credit to which he could be entitled. Accordingly, the district court denied the § 2241 application. Crosby appeals. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court.

Crosby is no stranger to this court. Although we count this as his nineteenth appeal, *see Crosby v. Admax*, No. 21-1437, 2022 WL 971872, at *1 (10th Cir. Mar. 31, 2022) (noting that Mr. Crosby "has previously filed 17 appeals before us"), his opening brief asserts that he "has over 47 previous cases in this Circuit." Aplt. Br. at 3. (The government's brief catalogues five previous appeals related to this one.) Nevertheless, he has not learned much from the experience. Interpreting his brief as liberally as reasonably possible, we can unearth no rebuttal to the district court's analysis or conclusions other than Crosby's bare assertion that the court erred. He has therefore waived any such claim on appeal. *See Garrett*, 425 F.3d at 841. Crosby's

2

appellate brief does repeatedly assert that he has been denied due process; but even if that issue has been preserved, he does not provide any factual allegations that might support the claim. We therefore have no choice but to uphold the rulings below.

We **AFFIRM** the judgment of the district court, **DENY** Mr. Crosby's motion to proceed *in forma pauperis*, and **GRANT** the government's motion to supplement the record.

Entered for the Court

Harris L Hartz
Circuit Judge